JEHAN ZEB MIR, MD
417 VIA ANITA
REDONDO BEACH, CA 90277
TELEPHONE NO.: (310) 373-4029

**FILED**

JUN 2 8 2019

CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA IL 61602

| | |
|---|---|
| JEHAN ZEB MIR,<br><br>    Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY<br><br>MICHAEL TIPSORD, as individual<br>PATRICK GRIFFITH, an individual<br><br>DOES 1-10 | Case No.: 19-1225<br><br>COMPLAINT FOR TORTUOUS BREACH OF INSURANCE CONTRACT; BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; EXTRINSIC FRAUD; INTENTIONAL INTERFERENCE WITH CONTRACT RIGHTS; CONSPIRACY TO VIOLATE CIVIL RIGHTS<br><br>JURY TRIAL REQUESRED |

### NATURE OF CONTROVERY

Plaintiff had uninsured motorist coverage for $ 100,000 in automobile insurance policy issued by State Farm Mutual Automobile Insurance Company.

COMPLAINT FOR TORTUOUS BREACH OF INSURANCE CONTRACT; BREACH OF IMPLIED
COVENANT OF GOOD FAITH AND FAIR DEALING; EXTRINSIC FRAUD; INTENTIONAL
INTERFERENCE WITH CONTRACT RIGHTS; CONSPIRACY TO VIOLATE CIVIL RIGHTSJURY TRIAL
REQUESRED - 1

On December 5, 2010, Plaintiff's car was broadsided at high speed by a SUV driven by underinsured motorist named Marquez, resulting in severe bodily injuries.

On December 6, 2010, Plaintiff reported the accident to Defendant State Farm Insurance, who paid for the repair of the Plaintiff's claim and medical bills. Marquez insurer declined to pay the Plaintiff's losses. Plaintiff sued the Marquez. She was represented by a well-known Personal Injury Law firm in Los Angeles, who vigorously litigated, conducted extensive discovery including taking Plaintiff's deposition.

Plaintiff took deposition of Marquez and she admitted full liability and did not dispute Plaintiff's injuries and damages. Marquez settled for full amount of coverage available under the automobile insurance policy. Marquez provided declaration that she had no assets to pay the damages beyond payments made by her auto-insurance policy.

Two years after the accident, on May 16, 2012, Defendant Insurer State Farm took Plaintiff's deposition.

On July 1, 2014, Plaintiff requested arbitration. Defendant insurer conducted extensive discovery in 2016 and later on insisted on taking another deposition. Plaintiff objected and requested to pay claim as the issues of liability and damages had been litigated in the litigation with Marquez and were precluded or to arbitration hearing.

On December 31, 2018, Defendant filed Petition in the Los Angeles County Superior Court without obtaining Summons and personally serving Summon and Petition upon Plaintiff.

COMPLAINT FOR TORTUOUS BREACH OF INSURANCE CONTRACT; BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; EXTRINSIC FRAUD; INTENTIONAL INTERFERENCE WITH CONTRACT RIGHTS; CONSPIRACY TO VIOLATE CIVIL RIGHTSJURY TRIAL REQUESRED - 2

On January 22, 2019, State Farm filed motion to compel deposition without notice and on March 18, 2019 obtained order to attend deposition and to pay sanctions for $ 581.00.

Plaintiff moved to set aside and vacate March 18, 2019. The hearing is set for July 3, 2019. However, the five years period allowed for completing arbitration expires on June 30, 2019 without resolution of the controversy.

## JURISDICTION

1. Defendant State Farm Automobile Insurance Company is a registered Corporation, **incorporated** under the Laws of the State of Illinois and has its **principal place of business** at Bloomington. McLean County Illinois. Defendant is domiciled in State of Illinois and is **a citizen of Illinois** under 28 U.S.C. 1332 (c)(1) (A)(B)(C).

2. Defendant Michael Tipsord is the Chairman, President and CEO of State Farm Mutual Automobile Insurance Company. His address is One State Farm Plaza, Bloomington, IL 61710.

3. Defendant Patrick Griffith was the Claim Adjuster who handled Plaintiff's Claim made to State Farm Insurance Company. His address is 500 E. Rio Solado Parkway, Tempe AZ 85281. 106171.

4. Plaintiff Jehan Mir has been **domiciled** in Los Angeles County, Los Angeles California, since 1972 and is a **Citizen of the State of California** since 1970 when he returned after 13-month tour of duty with First Medical Battalion, First Marine Division, (FMF) Vietnam as Trauma Surgeon and was posted at Naval Hospital, San Diego, California and upon honorable discharge from the U.S. Navy moved to the Los Angeles County.

5. This action is of civil nature involving exclusive of interests and costs, a sum in excess of current jurisdictional amount of $ 75,000. There is complete diversity as every issue of law and fact in this action is wholly between citizens of different states. The District court has diversity jurisdiction under 28 U.S.C. § 1332 (a) (1). The district court also has federal question jurisdiction under 28 U.S.C. §1331.

## PARTIES

PLAINTIFF JEHAN ZEB MIR alleges as follows:

6. Plaintiff Jehan Zeb Mir now is, and at all times relevant to this action was domiciled in the County of Los Angeles and is a citizen of the State of California, residing at 417 Via Anita, Redondo Beach, CA 90277

7. Defendant State Farm Mutual Automobile Insurance Company (hereinafter" SFMAIC") now is and at all times relevant to this action was mutual insurance corporation and by virtue of the laws of the State of Illinois incorporated with its principal business office located at One State Farm Plaza Bloomington, McLean County, IL 61710. Defendant is a citizen of the State of Illinois. State Farm issued automobile insurance policy to Plaintiff.

State Farm is known to have rewarded employees who successfully denied claims, replaced employees who would not, and when all else failed, engaged in outright fraud to avoid paying claims. Plaintiff has been a prior victim of such schemes when he was denied Arbitration in another Claim of 'hit and run' accident in 2009.

8. Defendant Michael Tipsord is the Chairman, President and CEO of State Farm Mutual Automobile Insurance Company. He is the respondeat superior and responsible for framing policies of claim handling by his agents of delaying and denying claims which would increase company profits and as a result increase his own bonus by State Farm as shown by his earnings in 2017, when

COMPLAINT FOR TORTUOUS BREACH OF INSURANCE CONTRACT; BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; EXTRINSIC FRAUD; INTENTIONAL INTERFERENCE WITH CONTRACT RIGHTS; CONSPIRACY TO VIOLATE CIVIL RIGHTSJURY TRIAL REQUESRED - 4

he earned $ 6.9 million in incentive-based bonus with a base salary of $ 1.6 million. His address is One State Farm Plaza, Bloomington, IL 61710.

9. Defendant Patrick Griffith was the Claim Adjuster who handled Plaintiff's Claim made to State Farm Insurance Company. He never investigated the Claim by obtaining all the files on the underlying litigation between Plaintiff and underinsured / uninsured motorist Lori A. Marquez in the mater of *Mir v Marquez* or communicated with Plaintiff to determine the merits of his claim for damages. He conspired with State Farm captive law firm's attorney Lisa G. Rosenwasser and referred the Claim for arbitration to her. His address is 500 E. Rio Solado Parkway, Tempe AZ 85281. 106171.

10. Plaintiff sues DOES Defendants 1-10. Plaintiff is informed and believes that third parties are involved in the conspiracy to harass Plaintiff and deny him his benefits under the auto-insurance policy. Plaintiff will substitute DOES defendants with their real names and identities once their true names and identities are discovered.

11. In or about May 17, 2010, Defendant in consideration of the sums of money paid to it renewed previously purchased policy of Automobile liability insurance. ("SFMAIC-Insured Policy No. 35 6723-E17-75C") first issued in 2001 on the 2001 Nissan Maxima involved in the accident. A copy of the Renewal Policy is attached as "Exhibit A" and incorporated by reference.

12. Plaintiff is informed and believes and thereon alleges that the *"SFMAIC-Insured Policy"* was delivered to the Plaintiff at 417 Via Anita, Redondo Beach in the State of California and that all premiums for the policy were paid by Plaintiff in California.

13. Plaintiff Jehan Zeb Mir. is the named insured under the *"SFMAIC- Insured Policy"* Plaintiff Jehan Zeb Mir is an insured under the *"SFMAIC- Insured*

COMPLAINT FOR TORTUOUS BREACH OF INSURANCE CONTRACT; BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; EXTRINSIC FRAUD; INTENTIONAL INTERFERENCE WITH CONTRACT RIGHTS; CONSPIRACY TO VIOLATE CIVIL RIGHTSJURY TRIAL REQUESRED - 5

*Policy"* for liabilities covered by the policy arising out of Plaintiff Jehan Zeb Mir's activities as driver of the automobile and for uninsured motorist coverage up to $ 100,000. and as required under California Insurance Code δ11580.2(a)(1).

14. The auto insurance policy provides uninsured motorist coverage for $100,000 for payment of insurance premium for three months period of coverage for economic losses suffered by Plaintiff as a result of the injuries suffered in an accident.

## COMMON ALLEGATIONS

15. On December 5, 2010, at about 6:30 p.m. Plaintiff was driving North on the side road transitioning from 605 N. Freeway to 91W Freeway when his vehicle was violently broadsided with great force by a backing vehicle at high speed from 605 North Freeway six feet below driven by underinsured motorist Marquez. The rear part of Plaintiff car was lifted and was pushed clear across the road, barely missing another serious accident, Accident caused sparks, flashes of light, deafening loud noise, twisting Plaintiff's neck, back, hips and knees and a severe whiplash injury to neck and back. Marquez caused extensive damage to Plaintiff's car.

16. On 12/06/ 2010, Plaintiff reported accident to his insurer Defendant State Farm Mutual Automobile Insurance Company, who paid for vehicle repair and medical bills.

17. Marquez was represented by a highly experienced personal injury attorneys Michael G McFadden, Esq.; EARLY, MASLACH & O'SHEA, 700 S. Flower Street, Suite 2800, Los Angeles, CA 90017 and **Veatch Carlson LLP**, 700 South Flower Street, 22nd Floor, Los Angeles California 90012-4209, (310)

381-2861 who vigorously litigated the matter for two years, conducted extensive discovery including taking Plaintiff's deposition.

18. On May 16, 2012, Defendant State Farm also took Plaintiff's deposition.

19. During deposition Marquez admitted full liability and did not dispute Plaintiff's injuries or damages and settled for the full amount available under her auto insurance Policy. Marquez provided declaration that she had no assets to pay Plaintiff's damages. Plaintiff dismissed the action.

20. On July 1, 2014, having not heard from State Farm, Plaintiff requested arbitration under uninsured motorist coverage of his auto-insurance policy with the Defendant State Farm.

21. The defendant State Farm again conducted extensive harassing discovery in 2016. Plaintiff during discovery provided evidence of loss of earning capacity in an amount of $ 429,368.99 during 3-month of injury and recovery and loss of locum tenens positions as a licensed Physician in Commonwealth of Pennsylvania and State of California.

22. On August 27, 2018, Plaintiff requested defendant State Farm to pay the Claim. If they intend to take matter to arbitration, the hearing should be held at his earliest available date in the month of December 2019.

23. On August 31, 2018, Defendant State Farm declined to pay and set the matter for deposition in December 2018.

24. On November 28, Plaintiff objected to taking of deposition as cumulative oppressive and harassing and without 'good cause' because his deposition had been taken by Defendant on May 16 ,2012 and by Marquez attorneys. That Defendant had subpoenaed all the files including Plaintiff's deposition from Marquez attorneys. That the accident occurred 8 years earlier and he had faint recollections. That the matter was fully litigated with Marquez and State Farm

COMPLAINT FOR TORTUOUS BREACH OF INSURANCE CONTRACT; BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; EXTRINSIC FRAUD; INTENTIONAL INTERFERENCE WITH CONTRACT RIGHTS; CONSPIRACY TO VIOLATE CIVIL RIGHTSJURY TRIAL REQUESRED - 7

stood in the shoes of Marquez and issue preclusion applied to issues of liability and damages.

25. Defendant State Farm on December 31, 2018, filed Complaint in the California superior court California under Insurance Code δ11580.2 without obtaining Summons and personally serving the Summons and Complaint on the Petition on Plaintiff. In the Complaint, Defendant improperly argued that it was not required to obtain Summons and serve to bring Plaintiff under personal jurisdiction of the Court.

26. On January 22, 2019, Defendant State Farm made motion to compel deposition without serving on Plaintiff. On March 18, 2019, Defendant obtained Order from superior court for Plaintiff to attend and testify at deposition and sanctions for $ 581.00 without the knowledge of Plaintiff. Defendant served Notice of Ruling upon Plaintiff.

27. On April 5, 2019, Plaintiff made motion to set aside and vacate the March 18, 2019 Order to attend deposition and order for sanctions for court's lack of personal jurisdiction because no Summons were issued by the court and none were served. The motion is set for hearing at the earliest available court date of July 3, 2019. However, the 5-year statutes of limitation expire on July 1, 2019 and thereafter the superior court ceases to have subject matter jurisdiction and time for arbitration ends.

28. Plaintiff now sues to recover damages under the terms of the auto insurance policy.

## FIRST CLAIM

(For Tortuous Breach of Insurance Contract)

(Against All Defendants)

Plaintiff hereby incorporate by reference each and every allegation

COMPLAINT FOR TORTUOUS BREACH OF INSURANCE CONTRACT; BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; EXTRINSIC FRAUD; INTENTIONAL INTERFERENCE WITH CONTRACT RIGHTS; CONSPIRACY TO VIOLATE CIVIL RIGHTSJURY TRIAL REQUESRED - 8

contained in paragraphs 1 through 28 as though fully set forth at length.

29. In 2001 Plaintiff purchased automobile insurance from Defendants on 2001 Nissan Maxima under Policy Number 35 6723-E17-75C, which included coverage for uninsured/ underinsured motorist coverage for $ 100,000, as required under California Insurance Code δ11580.29a) (1) for bodily injuries sustained by insured as body injuries are defined under California Insurance Code δ11580.2(b).  The Policy was renewed every year since 2001.

30. Uninsured motorists coverage insures the insured, his or her heirs, or legal representatives for all sums within the limits established by law, that the person or persons are legally entitled to recover as damages for bodily injury, including any resulting sickness, disease, or death, to the insured from the owner or operator of an uninsured motor vehicle not owned or operated by the insured or a resident of the same household. An uninsured motor vehicle includes an underinsured motor vehicle as defined in subdivision (p) of *Section 11580.2 of the Insurance Code*.

31. The California Insurance Code δ11580.2 (f) provides that the policy or an endorsement added thereto shall provide that the determination as to whether the insured shall be legally entitled to recover damages, and if so entitled, the amount thereof, shall be made by agreement between the insured and the insurer or, in the event of disagreement, by arbitration. This statutory requirement becomes part of contract.

32. The said policy was renewed every year and again on November 17, 2010, when the insurance policy was renewed for payment of insurance premium covering a period from November 17, 2010 to May 17, 2011.

33. After years of delaying and harassing tactics, Defendants without cause in bad

COMPLAINT FOR TORTUOUS BREACH OF INSURANCE CONTRACT; BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; EXTRINSIC FRAUD; INTENTIONAL INTERFERENCE WITH CONTRACT RIGHTS; CONSPIRACY TO VIOLATE CIVIL RIGHTSJURY TRIAL REQUESRED - 9

faith denied payments for losses suffered by Plaintiff under the Uninsured Motorist coverage of the Policy for $ 100,000.

34. The Complaint is timely filed less than two years of the tortuous breach of the written contract to pay for injuries and resulting economic losses under the uninsured motorist coverage of the policy.

35. On July 1, 2014, Plaintiff requested Arbitration by Certified Mail, Return Receipt Requested under California Insurance Code δ11580. 2.(i) (1) (C).

36. Discovery was conducted by the parties, Plaintiff's deposition was completed on May 16, 2012. Thereafter, no further proceedings took place till 2016 when Defendants conducted extensive written discovery. Plaintiff provided evidence of loss of earning capacity in an amount of $ 429,368.99 during 3-month period.

37. Plaintiff has performed all of their obligations under the contracts identified above, except for those obligations which because of the breach by the defendants, or any of them, of their obligations, Plaintiff have been excused or prevented from performing. Furthermore, due to Defendant's conduct, the doctrines of estoppel, waiver, impossibility, impracticality, and futility applied to excuse a party's noncompliance with the statutory timeframe under Section 11580.2 (i) (3).

38. Defendants breach of contract is tortuous because Defendants used deceit or undue coercion in denying arbitration knowing fully and knew that this breach will cause severe, unmitigable harm in the form of mental anguish, personal hardship, or substantial consequential damages.

39. The Defendants conspired amongst themselves and the contract. Defendants also conspired with third parties whose true names and identities are not known to Plaintiff at this time.

COMPLAINT FOR TORTUOUS BREACH OF INSURANCE CONTRACT; BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; EXTRINSIC FRAUD; INTENTIONAL INTERFERENCE WITH CONTRACT RIGHTS; CONSPIRACY TO VIOLATE CIVIL RIGHTSJURY TRIAL REQUESRED - 10

40. As a direct and proximate cause of Defendant's intentional, tortuous breach of insurance contract to pay $ 100,000 in liquidated damages pursuant to uninsured motorist coverage provisions of the auto-insurance policy for economic losses due to injuries suffered in the accident caused by uninsured motorist, Plaintiff is injured in an amount equal to amount of coverage under the Policy for $ 100,000 with prejudgment interest since October 2009, attorney fees upon retaining attorneys. Plaintiff is also entitled to general and exemplary damages.

## SECOND CLAIM

(For Breach of the Implied Covenant of Good Faith and Fair Dealing)
(Against all Defendants)

Plaintiff hereby incorporate by reference each and every allegation contained in paragraphs 1 through 40 as though fully set forth at length.

41. Plaintiff is informed and believes and thereon alleges that the defendant breached the implied covenant of good faith and fair dealing arising out of the (*SFAIC- Insured Policy*), in the following respects:

(i). The defendant unreasonably and without proper cause failed and refused to pay for personal injuries sustained by Plaintiff and resulting loss of prospective income and loss of earning capacity under the Uninsured Motorist coverage of the auto-insurance policy where the issues of liability and damages were fully litigated in the underlying litigation with the underinsured motorist Marquez who accepted liability and did not dispute Plaintiff's injuries and damages. Issue preclusion applied. In California privity applies based on person's relationship to

the subject matter of the litigation." [Castillo v. Glenair, Inc. (2018) 23 Cal. App. 5th 262,279,232 Cal. Rptr. 3d 844 (staffing company and client were in privity with respect to employees' wage and hour claims)]. Plaintiff's injuries and economic losses were clear and undisputed.

(ii) The Defendant failed to cooperate and unreasonably and frivolously insisted on taking Plaintiff's deposition without showing of a 'good cause' 8 years after the accident and having previously taken deposition in 2912 and having conducted extensive written discovery in 2016, in addition to discovery conducted and deposition taken by under insured motorist Marquez attorneys. On December 31, 2018, Defendant filed a Complaint against Plaintiff in the Los Angeles County Superior Court without obtaining Summons and without personally serving Summons and Complaint on Plaintiff. Thereafter on January 22, 2019, Defendant filed motion to compel deposition without serving on Plaintiff. On March 18, 2019, Defendants obtained order from superior court for Plaintiff to attend and testify at a hearing and obtained sanctions for $ 581.00.

(iii) Plaintiff at great expense had to file motion to set aside and vacate March 18, 2019 Order set for hearing on the earliest available date of July 3, 2019 which is beyond the 5-year statute of limitations for providing arbitration under California Insurance Code δ11580.2. The California superior court ceases to have subject matter jurisdiction.

(iv) Defendant after failing to pay the benefits under the underinsured coverage of the Policy unreasonably declined to timely provide Arbitration of the Uninsured Motorist Claim as provided under California Insurance Code δ 11580.2. within 5 years period despite Plaintiff's repeated requests to pay the

COMPLAINT FOR TORTUOUS BREACH OF INSURANCE CONTRACT; BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; EXTRINSIC FRAUD; INTENTIONAL INTERFERENCE WITH CONTRACT RIGHTS; CONSPIRACY TO VIOLATE CIVIL RIGHTSJURY TRIAL REQUESRED - 12

claim or provide arbitration.

(v) As a direct and proximate result of the unreasonable and oppressive conduct of the defendant, Plaintiff would be required to retain attorneys to obtain benefits due to him under the policy. This would increase cost of litigation and would pose additional economic burden upon and is entitled to reasonable attorney fees Plaintiff has already spent inordinate amount of time in pursuing this Claim and will have to go through the harassment of prolonged court proceedings to get relief.

42. Plaintiff has suffered emotional distress as a direct result of the conduct of the defendant. Plaintiff is entitled to an award of general damages as compensation for his emotional distress in an amount that is to be proved at time of trial; and

43. Plaintiff is informed and believes and thereon allege that the Defendant, intentionally engaged in a course of conduct which was intended to oppress and harass Plaintiff and to dissuade Plaintiff from spending time and further losing peace of mind in pursuing claim

44. The refusal of the Defendant to carry out their obligations under the insurance policy to pay benefits under the Uninsured motorist coverage of the policy and to promptly communicate their coverage position to Plaintiff, and the acts of their agents where all done with a conscious disregard of the rights of the Plaintiff to receive the benefits due them under the policy. These acts were done with the knowledge and approval and ratification of the defendants. These acts continued even after the Plaintiff protested to the Defendant and Plaintiff was powerless to obtain from the Defendant's compliance with their obligations.

Plaintiff is therefore entitled to recover punitive damages.

## THIRD CLAIM

## EXTRINSIC FRAUD

Plaintiff' hereby incorporates by reference paragraph 1- 44 of this Complaint, re-alleges and alleges:

45. Defendant obtained Order from California Superior Court for Plaintiff to attend deposition and pay sanctions of $ 581.00 without personal service of Summons and Complaint. Defendants did not serve even motion to compel deposition.

46. Plaintiff was prevented **by** trick, artifice or other fraudulent conduct from fairly presenting his claim or defenses or introducing relevant and material evidence in support of his Claim.

47. As a direct result and proximate to the Defendants' corrupt conduct and preventing trial on merit, Plaintiff was damaged in excess of $ 100,000, Plaintiff is entitled to special damages, attorney fees, general and punitive damages.

## FOURTH CLAIM

## <u>INTENTIONAL INTERFERENCE WITH CONTRACTUAL RIGHTS</u>
## (42 U.S.C. § 1981)

Plaintiff' hereby incorporates by reference paragraph 1- 47 of this Complaint, re-alleges and alleges:

48. Under 42 U.S.C. § 1981, Plaintiff irrespective of his East Indian-Pakistani race or **ethnicity,** is entitled to equal rights within the jurisdiction of the United States in every State and Territory to make and enforce contracts including the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings

for the security of his person and property unimpaired by nongovernmental discrimination and impairment under color of State law.

49. That the Defendants had known 'about Plaintiff's East -Indian/ Pakistani race and or ethnicity and motivated by discrimination against him based on that **conspired to commit** the acts alleged in here to interfere with right to make contracts and enjoy of all benefits, privileges, terms and conditions of contractual relationship and to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of his person and property.

50. On November 17, 2010, Plaintiff renewed his previously issued auto-insurance policy with Defendants 'to provide uninsured motorist coverage in an amount of $ 100,000. for payment of full insurance premium for six-month period.

51. Defendants breached the contract by declining to pay benefits due under the terms of the Policy for loss of earning capacity and loss of income from inability to perform locum tenens services as fully licensed physician well in excess of the policy limits.

52. Defendants interfered with Plaintiff's right to make and enforce insurance contract protecting his interests.

53. As a direct result and proximate to acts of Defendants in interfering in the right to make and enforce contract by delaying, harassing and denying payments due under the auto-insurance policy and denying arbitration, Plaintiff has suffered damages in excess of $ 100.000.

## FIFTH CLAIM
## <u>CONSPIRACY TO VIOLATE CIVIL RIGHTS</u>
### (42 U.S.C. § 1985. § 1986; § 1988)

Plaintiff repeats and re-alleges each of the allegations contained in paragraphs 1-53 of this complaint as if fully set forth herein and alleges:

54. That all of the Defendants and each of them conspired to deny Plaintiff benefit of full and equal rights under the law to his property.

55. Plaintiff belongs to a protected class based on his East Indian-Pakistani race and ethnicity.

56. The Defendants conspired with its agents and attorneys to defraud Plaintiff of his money due under the auto-insurance policy in order to injure him or his property from lawfully enforcing, or attempting to enforce, his rights, to the equal protection of the laws by harassing, delaying and not making payments due under the uninsured motorist coverage of the auto-insurance policy.

57. Defendants conspired with its agents and attorneys for the purpose of depriving, either directly or indirectly, Plaintiff, a member of protected class of the equal protection of the laws, or of equal privileges and immunities under the laws, or for the purpose of preventing or hindering the constituted judicial authorities of the State of California from giving or securing Plaintiff' the equal protection of the laws; through concealment, misrepresentations, secrecy and disobedience of demand to pay claim.

58. The Defendant acted in furtherance of the object of such conspiracy, knowingly, intentionally, willfully neglected or **refused to prevent conspiracy** to pay Plaintiff for the money due to him under the terms of the auto-insurance policy, to timely provide arbitration and to provide 30-day notice of expiration of statute of limitations and to extend the 5-year period for arbitration under California Insurance Code δ11580.2 predicated upon Plaintiff's race and ethnicity.

59. The conduct of defendants directly and proximately caused Plaintiff' to lose $ 100,000 due under the Policy and to incur attorney fees and cost and expend resources to recover the losses.

# PRAYER

WHEREFORE, Plaintiff prays jointly and severally:

A. For special damages in an amount of $100,000 for breach of contract.

B. For general damages for loss of earning capacity in an amount of $ 429,368.99.

C. For general and compensatory damages including, but not limited to, injuries resulting from humiliation, mental anguish and emotional distress according to proof for tortuous breach of contract.

D. For attorney fees upon retaining and incurred in bringing this action pursuant to California Insurance Code § 1619 and breach of implied covenant of good faith and fair dealings, 42, U.S.C. § 1981, § 1985, § 1986 and §1988 (b) and in obtaining policy benefits, as provided by California law; and,

E. For prejudgment interest since December 5, 2010 in an amount to be proved at time of trial pursuant to California Civil Code § 3287(a).

F. For punitive damages for breach of covenant of good faith and fair dealing in an amount sufficient to deter and make an example of defendants, for extrinsic fraud and breach of covenant of good faith and fair dealings.

H. For costs of suit incurred herein; and,

I. For such other and further relief as the court may deem just and proper.

Date: June 27, 2019

*[signature]*

Jehan Zeb Mir

*Plaintiff pro-se*

COMPLAINT FOR TORTUOUS BREACH OF INSURANCE CONTRACT; BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; EXTRINSIC FRAUD; INTENTIONAL INTERFERENCE WITH CONTRACT RIGHTS; CONSPIRACY TO VIOLATE CIVIL RIGHTSJURY TRIAL REQUESRED - 17