# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

JEHAN ZEB MIR,            )
                         )
     Plaintiff,        )
                         )
       v.          )     Case No.  1:19-cv-1225
                         )
STATE FARM MUTUAL AUTOMOBILE )
INSURANCE COMPANY et. al.,   )
                         )
     Defendants.

## <u>ORDER & OPINION</u>

This matter is before the Court on Defendants' Motions to Dismiss (Docs. 10, 17). Plaintiff has filed Responses (Docs. 21, 22) and Defendants filed a Reply (Doc. 26) with leave of the Court. At the Court's direction (Doc. 29), both sides filed supplemental briefing addressing altered circumstances which had occurred during the prior briefing. (Docs. 30, 31).[1] The Court does not believe a valid request for oral argument has been submitted; however, to the extent Plaintiff has occasionally indicated a desire for a telephone hearing (*see* Doc. 24 at 1), the Court finds oral argument unnecessary and would deny any such request. The matter is therefore ripe

---

[1] Continuing a pattern of misfiling, Plaintiff filed his supplement as a memorandum in opposition to Defendant's Motion for Leave to File a Reply (Doc. 25) which had already been granted. This was at least the third time in this case Plaintiff has misfiled a document and thereby caused confusion and unclarity on the docket. The Court therefore revokes his electronic filing privileges; any future filings in this matter must be submitted in compliance with Local Rule 5.5(B)(1) as paper originals sent to the Clerk's Office. The Clerk is directed to deactivate Plaintiff's e-filing account after he has been served electronically with this Order.

for review. For the reasons discussed below, Defendants' motions (Docs. 10, 17) are granted.

BACKGROUND

In December 2010, Plaintiff Jehan Zeb Mir was involved in an automobile accident. (Doc. 1 at 2). He was at the time a policy holder of an automobile insurance policy with Defendant State Farm Mutual Automobile Insurance Company (State Farm). (Doc. 1 at 1). Defendant Michael Tipsord is the chairman, president, and CEO of Defendant State Farm. Plaintiff alleges he is responsible for much of the following conduct because he framed policies requiring agents to deny or delay claims. (Doc. 1 at 4).

Plaintiff reported the accident to Defendant State Farm "who paid for vehicle repair and medical bills." (Doc. 1 at 6). Plaintiff then sued the other motorist, who settled for the full amount available under her insurance; on her declaration that she had no personal assets to pay Plaintiff's damages, he then dismissed the case. (Doc. 1 at 6–7). During this litigation, Plaintiff had his deposition taken by the other motorist's attorneys; he also states his deposition was taken by Defendant State Farm on May 16, 2012, but does not indicate the subject of that deposition. (Doc. 1 at 6–7).

Plaintiff alleges he "provided evidence of loss of earning capacity in an amount of $ 429,368.99 during 3-month of injury and recovery and loss of locum tenens positions" as a medical doctor. (Doc. 1 at 7). Defendant State Farm did not agree to pay his claim. (Doc. 1 at 7). Defendant Patrick Griffith was the claims adjuster assigned to Plaintiff's claim—Plaintiff alleges he did not fully investigate the claim.

(Doc. 1 at 5). On July 1, 2014, Plaintiff requested arbitration with Defendant State Farm, seeking to receive payments under his uninsured motorist coverage. (Doc. 1 at 7). Defendant State Farm set a deposition; Plaintiff objected, arguing his deposition had been previously taken in the prior litigation as well as by Defendant State Farm in 2012, his recollection was faint, and Defendant State Farm "stood in the shoes of [the underinsured motorist] and issue preclusion applied to issues of liability and damages." (Doc. 1 at 7–8).

In December 2018, Defendant State Farm initiated suit in California court in connection with the arbitration and shortly thereafter moved to compel Plaintiff's deposition. (Doc. 1 at 8). Plaintiff alleges he was not served with summons (Doc. 1 at 8), although Defendant submitted proof of service of the petition and other related documents (Doc. 10-5 at 2–3). In March 2019, the California court granted the motion, ordering Plaintiff to attend a deposition and sanctioning him to pay Defendant State Farm's costs in bringing the motion; Plaintiff alleges he received this order. (Doc. 1 at 8). He requested the order be set aside for lack of personal jurisdiction. (Doc. 1 at 8). A hearing was set for July 3, 2019. (Doc. 1 at 8). Plaintiff—believing the California court lost subject matter jurisdiction on July 1, 2019 (five years after the request for arbitration)—filed suit in this Court. (Doc. 1 at 8). He alleges tortious breach of contract, breach of the implied covenant of good faith and fair dealing, extrinsic fraud, intentional interference with contract rights, and conspiracy to violate his civil rights, the latter two claims premised on his East-Indian/Pakistani race and ethnicity. (Doc. 1 at 8–16).

The California court denied Plaintiff's motion and ordered him to appear for a deposition on August 13, 2019. (Doc. 26-3). Instead of appearing at his deposition, Plaintiff moved to set aside and vacate the July 3 order, arguing the California court lacked subject matter and personal jurisdiction. (Doc. 26-4). When Plaintiff did not show up for his court-ordered deposition, Defendant State Farm moved for termination of the arbitration as a sanction. (Doc. 26-5). On September 23, 2019, the California court denied Plaintiff's motion and granted Defendant's, dismissing the case. (Doc. 26-6). Plaintiff moved to set aside again; on December 11, 2019, again the California court denied his motion. (Doc. 26-7). Plaintiff did not timely appeal. (*See* Doc. 30-7).

LEGAL STANDARD

Complaints must include "a short and plain statement of the claim showing that the pleader is entitled to relief," Federal Rule of Civil Procedure 8(a)(2), which "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). The Court "must accept as true the well-pleaded factual allegations in the complaint" but does not "credit legal conclusions, or '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Tobey v. Chibucos*, 890 F.3d 634, 639 (7th Cir. 2018)

(quoting *Ascroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The facts alleged in the complaint, accepted as true, must "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Although review of motions to dismiss under Rule 12(b)(6) is typically limited to the four corners of the complaint, a limited set of other materials may be considered. "A motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). Federal Rule of Evidence 201(b) allows courts to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." This is the case with court filings; "Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts." *Daniel v. Cook Cty.*, 833 F.3d 728, 742 (7th Cir. 2016).

The plaintiff bears the burden of demonstrating personal jurisdiction when opposing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2). *Kipp v. Ski Enter. Corp. of Wis., Inc.*, 783 F.3d 695, 697 (7th Cir. 2015). Where, as here, the court does not hold an evidentiary hearing on the matter,[2] the plaintiff need make only a prima facie case for personal jurisdiction; any dispute of fact presented in the

---

[2] Neither party has requested such a hearing, nor does it seem there are any issues which would be aided by one.

record is resolved in the plaintiff's favor. *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 392–93 (7th Cir. 2020).

Plaintiff is proceeding *pro se*; *pro se* filings are to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

### DISCUSSION

Defendants originally moved to dismiss on several grounds, arguing: (1) Plaintiff's failure to comply with arbitration defeated his first two claims; (2) Plaintiff failed to state a cause of action on any count; (3) Plaintiff failed to allege any relevant conduct by Defendant Michael Tipsord; and (4) the Court should abstain under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). (Doc. 10-1 at 2). When Defendant Patrick Griffith was served, he argued the Court lacked personal jurisdiction over him, but in the alternative, joined the other Defendants' motion. (Doc. 17-1). Both motions were filed before the California court's December 11, 2019, order dismissing the California case. Defendants agree the *Colorado River* argument is no longer applicable but argue principles of claim and issue preclusion now bar Plaintiff's suit. (Doc. 30 at 1).

## I.   Personal Jurisdiction

Defendant Griffith argues the Court lacks personal jurisdiction over him because he is a resident of Arizona whose contacts related to this case occurred in California and the fiduciary shield doctrine would bar any contacts he had with Illinois from allowing personal jurisdiction to lie regardless. (Doc. 17-1 at 3–5). Plaintiff argues Defendant Griffith had contact with Illinois based upon his

employment with Defendant State Farm and the fiduciary shield doctrine does not apply because he was acting in his own personal interest. (Doc. 22 at 1–2, 5).

As Plaintiff recognizes (Doc. 22 at 2), a district court "sitting in diversity has personal jurisdiction over a nonresident defendant only if a court of the state in which it sits would have jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 779 (7th Cir. 2003).[3] The Illinois long-arm statute is coterminous with the due process requirements under the United States Constitution. *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019) (noting additionally the long-arm statute is constrained by the Illinois Constitution, but that in the absence of any argument or caselaw suggesting stronger protections under the Illinois Constitution, the inquiry could be limited to the United States Constitution). In other words, the test is whether the defendant had minimum contacts with Illinois. *Id.* Personal jurisdiction may be established generally if a defendant has continuous and systematic contacts with a state approximating physical presence; else, the contacts must directly relate to the challenged conduct. *Tamburo v. Dworkin*, 601 F.3d 693, 701–02 (7th Cir. 2010).

The Court does not understand Plaintiff to argue general jurisdiction applies here, but he does state Defendant Griffith "maintained minimal contacts with Illinois

---

[3] When a court has federal question jurisdiction, "a federal court has personal jurisdiction over the defendant if either federal law or the law of the state in which the court sits authorizes service of process to that defendant." *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010). However, the Court does not pause to consider whether this might impact the analysis because Plaintiff, bearing the burden, argues only the state law ground.

through his employer" by receiving a salary, benefits, and other ordinary connections between employers and employees. (Doc. 22 at 5). This does not approximate physical presence or in any way suggest continuous contacts sufficient to make it fair for Defendant Griffith to be haled into court in Illinois.

Nor does the Complaint contain any allegations tying Defendant Griffith's conduct regarding this matter to Illinois. In the relevant response, Plaintiff argues Defendant Griffith acted by not considering and paying the uninsured motorist benefits and thereby caused a breach of contract (Doc. 22 at 5); but Defendant Griffith's consideration presumably occurred in Arizona and the lack of payment in California. Plaintiff also claims Defendant Griffith "contributed to breach of fiduciary duty by State Farm within the State." (Doc. 22 at 5). Assuming "the State" is Illinois, personal jurisdiction still does not lie; the alleged breach of fiduciary duty is, best as the Court understands, related to the failure to pay Plaintiff in California. In short, the Court sees no allegations Defendant Griffith "purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state," much less that "the alleged injury arises out of the defendant's forum-related activity." *Tamburo*, 601 F.3d at 702.

In sum, Plaintiff has fallen well short of making even a prima facie case that personal jurisdiction lies over Defendant Griffith—which is no surprise in light of him asserting an injury suffered in California against a defendant living in Arizona in a

court sitting in Illinois. Therefore, Plaintiff's claims against Defendant Griffith are dismissed for want of jurisdiction.[4]

## II. Preclusion[5]

Claim preclusion—or res judicata—"prohibits relitigation not only of claims already decided in a prior proceeding, but also those that could have been litigated in that proceeding based on the same operative facts." *McDonald v. Adamson*, 840 F.3d 343, 346 (7th Cir. 2016). The related doctrine of issue preclusion—or collateral estoppel—"bars relitigation of facts conclusively determined in a previous proceeding even if [the deciding] court did not have jurisdiction over the later claim." *Id.* A claim

---

[4] The Court does not believe any of Defendant Griffith's conduct in this litigation waived his personal jurisdiction argument. "To waive or forfeit a personal jurisdiction defense, a defendant must give a plaintiff a reasonable expectation that it will defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking." *Mobile Anesthesiologists Chi.*, 623 F.3d at 443. Defendant Griffith's choice to join the other Defendants' motion in the alternative could not give a reasonable expectation he would defend the suit on the merits without regard for personal jurisdiction. He was quite clear such defense would be only if the Court ruled against him. And merely joining other Defendants' motion did not cause the Court to put in wasted effort because it would need to resolve that motion regardless of Defendant Griffith. At any rate, it was Plaintiff's burden to demonstrate personal jurisdiction lay. He makes no assertions whatsoever that Defendant Griffith waived or forfeited his personal jurisdiction defense and, therefore, waived that argument.

[5] Res judicata and collateral estoppel are affirmative defenses and affirmative defenses typically may not be considered on a motion to dismiss. *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). But, "when an affirmative defense is disclosed in the complaint, it provides a proper basis for a Rule 12(b)(6) motion." *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008). This includes not only the four corners of the complaint but also "documents incorporated by reference in it, matters of public record, and other matters susceptible to judicial notice" when they "coalesce to show beyond doubt that an action is barred, under the doctrine of res judicata, by a prior adjudication." *In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 20 (1st Cir. 2003) (cited in *Muhammad*, 547 F.3d at 878 "for its application" of deciding affirmative defenses on motions to dismiss "to the defense of res judicata."); *see also E.O.R. Energy, L.L.C. v. Messina*, 274 F. Supp. 3d 828, 832–33 (C.D. Ill. 2017).

is essentially a remedy for a specified wrong, whereas an issue is a matter of law or fact determined by a prior proceeding. Under both doctrines, preclusive effect of a state court judgment is determined by the law of the state. *Id.*; *EOR Energy LLC v. Ill. Envtl. Protection Agency*, 913 F.3d 660, 664 (7th Cir. 2019) (citing 28 U.S.C. § 1738 and *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985)). In response to the Court's query—which was made due to Defendant raising the issue in passing (Doc. 26 at 10 n.4)—Defendant argues both doctrines apply (Doc. 30); Plaintiff argues neither does (Docs. 31, 32).[6]

Plaintiff argues the California court lacked personal and subject matter jurisdiction and its orders therefore cannot have preclusive effect. (Docs. 31 at 3–5, 32 at 3–4). The Court does not agree the California court lacked jurisdiction.

The argument as to the California court lacking subject matter jurisdiction is frivolous and puzzling. Plaintiff argues the five-year statute of limitations ran on July 1, 2019, divesting subject matter jurisdiction from the California court "since no claim

---

[6] Plaintiff has asked the Court to not consider Defendants' claim preclusion argument because he views it as outside the scope of the Court's direction to provide further briefing. (Doc. 32 at 5). The Court typically requires parties to scrupulously limit arguments in supplemental briefs. However, the Court's prior Order was clear it wished the parties to address "the effect of the December 11, 2019, order by the Los Angeles Superior Court." (Doc. 29 at 2). The specific topics listed were intended as guideposts, not fenceposts; that Defendants perceived an effect the Court had not considered which was closely related to the topics listed does not warrant limiting the Court's consideration, much less the striking of their supplemental brief or sanctions. As Plaintiff responds in part on the merits of the argument in the document entitled "Objections" (Doc. 32), the Court will construe that filing as a sur-reply, ensuring the matter is fully briefed. Defendants' Motion to Strike and Alternative Response to Plaintiff's Objections to Defendants' Supplemental Brief (Doc. 33) is therefore denied, but the Court considers it as a sur-sur-reply.

for arbitration existed . . . post July 1, 2019." (Doc. 31 at 4). He cites no law regarding the subject matter jurisdiction argument. But even assuming the running of the statute of limitations would have prevented the California court from retaining subject matter jurisdiction, the limitations period was tolled. According to Plaintiff's own allegations in this litigation, Defendant "State Farm did not give 30-day Notice of Expiration of Statute of Limitations under Cal. Ins. Code. § 11580.2(k)." (Doc. 21 at 15). Under that provision, "[f]ailure of the insurer to provide the written notice shall operate to toll any applicable statute of limitation or other time limitation for a period of 30 days from the date the written notice is actually given." Cal. Ins. Code 11580.2(k). Therefore, because Defendant State Farm did not provide written notice of the statute of limitations, it was tolled; at no point did the statute of limitations expire on Plaintiff's claim.[7] As for the personal jurisdiction argument, the Court agrees with the analysis performed by the California court. (Doc. 26-3 at 4) ("[B]y demanding uninsured motorist arbitration against [State Farm,] . . . [Mir] subjected himself to the Court's jurisdiction in this action.").

Plaintiff also argues the California court's orders lack preclusive effect because he was unable to appeal it. (Doc. 31 at 10). As the Court understands, Plaintiff is required to receive prefiling orders in California courts because he was declared a

---

[7] This same reasoning would go to the merits of some of Plaintiff's claims. He depends upon the statute of limitations for his argument that he is able to bring this action. (Doc. 21 at 15–16). But since the statute of limitations never expired, he is prohibited by California law from pursuing certain claims where he did not comply with the arbitration proceedings. *Carrasco v. State Farm Ins.*, No. 18-cv-6509, 2019 WL 134568, at *2 (N.D. Cal. Jan. 8, 2019).

vexatious litigant. (Doc. 31 at 10). He believes the requirement did not apply in this case because he was the defendant. (Doc. 31 at 10). Regardless, none of this demonstrates the order was unappealable; there may have been extra requirements to file the appeal, but that alone does not deprive the California order of preclusive effect.[8]

A.  *Claim Preclusion*

Under California law, claim preclusion requires that: "(1) the second lawsuit must involve the same 'cause of action' as the first one, (2) there must have been a final judgment on the merits in the first lawsuit and (3) the party to be precluded must itself have been a party, or in privity with a party, to that first lawsuit." *Steward v. Town of Paradise*, 405 F. App'x 184, 185 (9th Cir. 2010) (citation omitted).

In the context of res judicata, "[t]he cause of action is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced." *Boeken v. Philip Morris USA, Inc.*, 48 Cal.4th 788, 798 (2010). "When two actions involving the same parties seek compensation for the same harm, they generally involve the same primary right." *Id.* Defendant argues Count I of the instant case involves the same injury as covered in the California matter. (Doc. 30 at 3). Count I seeks the $100,000 "in liquidated damages pursuant to uninsured motorist coverage provisions of the auto-insurance policy for economic

---

[8] In what the Court construes as Plaintiff's sur-reply, he further argues the California court "was in cahoots with defendant State Farm" preventing preclusion, citing a case regarding issue preclusion. (Doc. 32 at 4). Because the preclusion doctrines are related and this argument goes to a common element of issue and claim preclusion, Plaintiff had opportunity to raise this argument in his supplemental brief and failed to do so; it is accordingly waived, and the Court does not consider it.

losses due to injuries suffered in the accident." (Doc. 1 at 11). The Court agrees this is seeking compensation for the same harm, albeit under a slightly different theory, as the arbitration. (*See* Doc. 30-2 at 3 ("Respondent Jehan Z. Mir's uninsured motorist claim and all arbitration proceedings in connection therewith are hereby dismissed.")).

"[D]ismissals pursuant to a terminating sanction for violation of discovery orders are indeed res judicata" in California. *Franklin Capital Corp. v. Wilson*, 148 Cal. App. 4th 187, 216 (2007). Application to this case is straightforward; the arbitration was dismissed pursuant to terminating sanctions for violation of a discovery order: Plaintiff's refusal to comply with the order to sit for a deposition. (Doc. 30-2). Therefore, it was a judgment on the merits.[9] As it was appealable but no appeal was properly taken, it was final.

The third requirement is the easiest here. Plaintiff was a party to both actions. Taken together, the doctrine of collateral estoppel bars Count I of Plaintiff's Complaint; Count I is therefore dismissed with prejudice.

Count II is also barred by claim preclusion. It is unclear if Defendants advance this argument. (*Compare* Doc. 30 at 3, 5 (arguing claim preclusion applies to Count I) *with* Doc. 30 at 4 ("This is the same injury alleged in Counts I and II of the

---

[9] Plaintiff argues because the "judgment was not specifically without prejudice [it] thus had no claim preclusion effect." (Doc. 32 at 4). Even assuming he mean to say "with" rather than "without"—otherwise his argument makes no sense, as a dismissal without prejudice ordinarily does not bear preclusive effect—his argument would be defeated by the precedent cited above.

[C]omplaint.")). But no matter; claim preclusion may be raised *sua sponte*. *Reed v. Mackey*, 669 F. App'x 307, 308 (7th Cir. 2016). And it applies here.

For the reasons stated above, the judgment on the merits and party to both action requirements are met. The remaining issue is whether the claim for a breach of the implied covenant of good faith and fair dealing—asserted in Count II—presents the same cause of action.

"The plaintiff's indivisible primary right must be distinguished from both the legal theory on which the plaintiff seeks relief and the remedy sought. The plaintiff may seek various remedies based on different legal theories, all arising from a single cause of action." *Bullock v. Philip Morris USA, Inc.*, 198 Cal. App. 4th 543, 557 (2011). The gravamen of Count II is the same as the gravamen of Count I and the dismissed claim: Defendants should have paid Plaintiff uninsured motorist benefits. (Doc. 1 at 11–14). Indeed, Plaintiff states the common thread was "a conscious disregard of the rights of the Plaintiff to receive the benefits due them under the policy." (Doc. 1 at 13). So the claim boils down to the same thing as was dismissed in the California court: Plaintiff was injured because Defendants did not pay. It is the same cause of action for res judicata purposes. Count II must therefore be dismissed with prejudice.

B.   *Issue Preclusion*

There are five requirements for issue preclusion under California law:

First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

*Lucido v. Superior Court*, 795 P.2d 1223, 1225 (Cal. 1990); *see also In re Copper Antritrust Litig.*, 436 F.3d 782, 802 (7th Cir. 2006) (Wood, J., dissenting). As the claim preclusion analysis discussed, the California court's decision was final and on the merits, and Plaintiff was a party to that action. Only the other elements of issue preclusion require further discussion. Of the issues Defendants suggest are precluded (Doc. 30 at 6–7), two bear consideration: the determination of extrinsic fraud and the entitlement to policy benefits.

### 1. Extrinsic Fraud

Before this Court, Plaintiff argues the original order to compel his deposition was the result of extrinsic fraud because lack of notice and service prevented him from defending against Defendant State Farm's motion. (Doc. 1 at 14). He raised precisely the same issue before the California court. (Doc. 26-2 at 6–8). It was squarely rejected. (Doc. 26-3 at 5).

On the matter of extrinsic fraud, the requirement the issue be identical cannot be in serious doubt. Plaintiff argues to the contrary, but his argument is unavailing. The gist of his confusion is evident from two quotations: "The issue in Defendant's petition in California was to compel third deposition . . . . Plaintiff could care less if Defendants want to depose in this matter." (Doc. 31 at 6, 8). But issue preclusion can apply to all issues raised and decided in a prior suit, whatever the initiating document may have been seeking. The issue of extrinsic fraud was unquestionably raised and decided in the California court. It is the same legal issue applied to the same facts; it is therefore identical. For much the same reason, it is evident the question of extrinsic

fraud was litigated and decided. Plaintiff raised it and the California court ruled against him.

Under California law, the "necessarily decided" prong requires "only that the issue not have been 'entirely unnecessary' to the judgment in the initial proceeding." *Samara v. Matar*, 419 P.3d 924, 926 (Cal. 2018) (quoting *Lucido*, 795 P.2d at 1226). This was true applied to these facts—had extrinsic fraud been found, Plaintiff would not have been subject to terminating sanctions for disobeying a court order.

Thus, Plaintiff is precluded from arguing there was extrinsic fraud in the California proceeding. Count III is therefore dismissed with prejudice.

### 2. Entitlement to Policy Benefits

Defendants argue Plaintiff is barred from relitigating his entitlement to policy benefits by the terminating sanctions. The California court went beyond merely dismissing the arbitration as a sanction; it dismissed the entire claim. (Doc. 30-2 at 3 ("Respondent Jehan Z. Mir's uninsured motorist claim and all arbitration proceedings in connection therewith are hereby dismissed.")). Therefore, Defendants argue, Plaintiff cannot succeed on Counts IV and V. (Doc. 30 at 8).[10]

The issue of Plaintiff's entitlement to policy benefits was considered by the California court in its consideration of sanctions. But the California court did not analyze the underlying contract or make this determination based upon the

---

[10] Defendants also correctly observe this argument would bar Counts I and II (Doc. 30 at 8), but as the Court has found those counts barred by claim preclusion, they do not bear further mention.

application of law to facts; rather, it determined Plaintiff's conduct was deserving of losing the legal right to pursue the claim. (Doc. 30-2 at 3).

The Court does not think this issue is identical for purposes of issue preclusion. The California court was sanctioning Plaintiff—it did not decide he was not entitled to benefits and so Defendants' allegedly unlawful actions were lawful, but rather because of his failure to follow the California court's orders. Put another way, whether Plaintiff was at some point entitled to the benefits—an essential portion of his claim—was not an issue necessary to the California court's decision because it rested upon his failure to follow court orders and held only he was not entitled to recovery going forward. Counts IV and V are therefore not barred by issue preclusion. However, for the reasons discussed *infra*, they nevertheless cannot proceed in this suit as currently pleaded and argued.

## III.    Section 1981 Claim

Count IV is a claim under 42 U.S.C. § 1981. (Doc. 1 at 14–15). That statute guarantees to all persons the same right "to make and enforce contracts . . . and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a). "[T]he term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). To state a claim under this section, a plaintiff must demonstrate: "(1) he is a member of a racial minority; (2) the defendants had the intent to discriminate on the basis of race; and (3) the

discrimination concerned the making or enforcing of a contract." *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 756 (7th Cir. 2006).

Only the second element is in contention on the current motion. Defendants argue Plaintiff has pled only conclusory allegations that Defendants had an intent to discriminate on the basis of race (Doc. 10-1 at 15); Plaintiff contends there are sufficient allegations. (Doc. 21 at 27).

The threadbare allegations in the Complaint compel a ruling in Defendants' favor. The sole allegation relating to the intent to discriminate is that Defendants "motivated by discrimination against [Plaintiff] based on [his race] conspired to commit the acts alleged in here." (Doc. 1 at 15 (emphasis removed)). This allegation is merely the legal conclusion; it does not provide factual content alleging a plausible claim. "Simply put, based upon the facts plaintiff alleges, the court cannot infer that if plaintiff were white he would have been treated differently. A mere conclusory allegation of intentional discrimination is insufficient." *Davis v. Frapolly*, 717 F. Supp. 614, 616 (N.D. Ill. 1989).

In a nearly identical case, the Eastern District of New York reached the same conclusion; facing a § 1981 claim that an insurance company denied a claim motivated by race, that court found the complaint "devoid of any factual allegations to support the claim that any of the Defendants' employees who processed or denied the Plaintiff's claims harbored discriminatory bias." *Mears v. Allstate Indem. Co.*, 336 F. Supp. 3d 141, 150 (E.D.N.Y. 2018). Although the plaintiff there had slightly more specific allegations than the present case, the court held his "strictly conclusory

allegations amount to rank speculation, with no specific factual instances, details, or supporting information." *Id. Compare Connectors Realty Grp. Corp. v. State Farm Fire & Cas. Co.*, No. 19-C-743, 2019 WL 5064699, at *5–6 (N.D. Ill. Oct. 9, 2019) (concluding the allegations were sufficient where demeaning terms and remarks made by claims adjusters and specific factual allegations, taken as true, showed claims were treated as presumptively fraudulent).

Taking as true the non-conclusory factual allegations in the Complaint, Plaintiff has alleged only that he is a member of a racial minority who did not receive the benefit of a contract. Stating it was due to his race, without more, does not give rise to a plausible inference of discrimination. Therefore, Count IV is dismissed without prejudice.

## IV. Section 1986 and 1988 Claims

Count V alleges Defendants conspired to deny Plaintiff the benefit of his right to property on the basis of race in violation of 42 U.S.C. § 1985 and neglected or refused to prevent the conspiracy on the basis of race in violation of 42 U.S.C. § 1986; Plaintiff seeks attorney's fees under 42 U.S.C. § 1988. (Doc. 1 at 15–16). Because the §§ 1985 and 1986 claims were directed only at Defendant Griffith, who is no longer a party to this suit, and Lisa Rosenwasser, who was never a party to this suit, they must be dismissed, and as § 1988 does not provide a cause of action, the request for attorney's fees does not save the Complaint.

### A. Section 1985

42 U.S.C. § 1985(3) proscribes conspiracies by private parties to deny any person the equal protection of the law. *Griffin v. Breckenridge*, 403 U.S. 88, 101–02

(1971). The Court finds it unnecessary to reach the parties' arguments. In one of his responses, Plaintiff clarifies his claim under 42 U.S.C. § 1985 alleges a conspiracy "involving two individuals, [Defendant] Griffith and Rosenwasser." (Doc. 21 at 29). Because Defendant Griffith has been dismissed and Rosenwasser was never a party to this case, Plaintiff's § 1985 claim is dismissed without prejudice.

B.    *Section 1986*

42 U.S.C. § 1986 "creates a cause of action against a person that neglects or refuses to stop a conspiracy to violate the civil rights of a member of a protected class." *Malone v. Am. Friends Serv. Comm.*, 213 F. App'x 490, 492 (7th Cir. 2007). The statute specifically states a person "having knowledge that any of the wrongs conspired to be done" under § 1985 "are about to be committed, and having power to prevent or aid in preventing the commission" of those acts who fails to do so is liable. § 1986. Therefore, if a plaintiff's § 1985 claim fails, so does any § 1986 claim. *Katz-Crank v. Haskett*, 843 F.3d 641, 650 (7th Cir. 2016).

The Court finds it unnecessary to reach the parties' arguments on this claim. In defending the § 1985 claim, Plaintiff states "Defendant Griffith and Rosenwasser knew of an impending violation of Section 1985 but neglected or refused to prevent the violation." (Doc. 21 at 28). The Court understands Plaintiff as scoping the § 1986 claim to Defendant Griffith and Rosenwasser as he did the § 1985 claim; it therefore must be dismissed because Defendant Griffith has been dismissed from the suit for lack of personal jurisdiction and Rosenwasser is not a party. To the extent the claim was intended to be asserted against any other Defendant, or multiple Defendants, Plaintiff will have an opportunity to replead it; the dismissal is without prejudice.

The Court cautions Plaintiff, however, to be specific in any amended complaint as to whom each allegation is directed against. Plaintiff has an obligation when submitting filings to certify that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). If sloppy draftsmanship by Plaintiff results in his suggesting a Defendant is involved with a conspiracy whom he has no evidentiary support to show was so involved, the Court will consider sanctions. *See* Fed. R. Civ. P. 11(c).[11]

C.   *Section 1988*

"In any action or proceeding to enforce a provision of sections 1981, . . . 1985, and 1986 of this title . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). "Section 1988 authorizes attorney's fees as part of a remedy for violations of civil rights statutes; it does not create an independent right of action." *Estes v. Tuscaloosa Cty., Ala.*, 696

---

[11] Although a full analysis of the allegations of the 42 U.S.C. §§ 1985 and 1986 claims is thus unnecessary, the allegations of conspiracy on their face appear insufficient. "[A] bare allegation of conspiracy [is] not enough to survive a motion to dismiss for failure to state a claim." *Cooney v. Rossiter*, 583 F.3d 967, 970 (2009). But a bare allegation of conspiracy is all that is present in the Complaint. (*See* Doc. 1 at 16 (repeating the allegation that Defendants "conspired" to deny Plaintiff's claims without any details showing a conspiracy)). No allegations of fact support the existence of a conspiracy. Should Plaintiff choose to amend and reallege this conspiracy against any Defendant over whom the Court has personal jurisdiction, this deficiency ought to be cured. But as stated above, Plaintiff must make a reasonable investigation and only allege facts which have evidentiary support or are likely to with the opportunities of discovery. *See* Fed. R. Civ. P. 11(b)(3). Else, sanctions will issue. Proceeding *pro se* is not a license for spurious claims.

F.2d 898, 901 (11th Cir. 1983). Therefore, with all other counts dismissed, § 1988 does not allow the Complaint to survive.

CONCLUSION

Defendants' Motions to Dismiss (Docs. 10, 17) are GRANTED. Defendant Griffith is DISMISSED from this suit for want of personal jurisdiction. Counts I, II, and III are DISMISSED with prejudice. Counts IV and V are DISMISSED without prejudice. Defendants' Motion to Strike and Alternative Response to Plaintiff's Objections to Defendants' Supplemental Brief (Doc. 33) is DENIED. Additionally, Plaintiff's electronic filing privileges are REVOKED; any further filings must be made by submitting paper copies to the Clerk's Office pursuant to CDIL-LR 5.5(B)(1); the Clerk is directed to terminate Plaintiff's electronic filing account. Plaintiff is granted twenty-eight (28) days from the date of this Order to replead the counts dismissed without prejudice should he wish; if he does not, the case will be terminated.


SO ORDERED.

Entered this 16th day of March 2020.

s/ Joe B. McDade
_____
JOE BILLY McDADE
United States Senior District Judge
