Case: 20-1800      Document: 41-3000      Filed: 02/04/2021      Pages: 5
E-FILED
Friday, 19 March, 2021  03:52:04 PM
Clerk, U.S. District Court, ILCD

NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 23, 2021[*]
Decided February 24, 2021

*Before*

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 20-1800

| | |
|---|---|
| JEHAN Z. MIR, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Central District of Illinois. |
| | |
| *v.* | No. 1:19-cv-1225 |
| | |
| STATE FARM MUTUAL | Joe Billy McDade, |
| AUTOMOBILE INSURANCE | *Judge*. |
| COMPANY, et al., | |
| *Defendants-Appellees*. | |

**O R D E R**

Jehan Zeb Mir, a California resident, got into a car accident in Los Angeles and filed a claim with his Illinois-headquartered insurer. The insurer denied the claim as it related to underinsured-motorist benefits. After disagreements with Mir during the mandatory arbitration process, the insurer petitioned the California Superior Court to compel Mir's deposition. Mir violated several court orders to attend the deposition, and

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

No. 20-1800                                                              Page 2

the case was eventually dismissed. While the case was pending, though, Mir sued the insurer in the Central District of Illinois for breach of contract and racial discrimination. The district court granted the insurer's motion to dismiss based on claim preclusion, issue preclusion, and other defenses. Because federal court was the wrong forum for Mir's breach-of-contract claims, and Mir's conclusory allegations did not state any other claim, we affirm.

An underinsured driver hit Mir's car while he was driving in Los Angeles. The other driver, who was at fault, had an insurance policy that did not cover Mir's full alleged damages, including lost earnings, so Mir filed a claim with his insurance provider, State Farm. State Farm covered the costs of Mir's vehicle repair and medical bills but denied his claim for additional benefits under the uninsured-motorist provision of his insurance contract. Mir demanded arbitration—the sole mechanism the contract provided for resolving coverage disputes.

When State Farm asked to depose Mir about his losses, he refused. He asserted that it was unnecessary because State Farm had deposed him several years earlier (for an unrelated lawsuit). So State Farm filed a petition in the California Superior Court to compel discovery. *See* CAL. INS. CODE § 11580.2(f)(1). The court granted the motion and twice ordered Mir to attend the deposition. He moved to vacate both orders, asserting that extrinsic fraud—State Farm's wrongful failure to serve him with process—voided them. (The state court's docket, however, reflects that State Farm filed proof of service.) The court in October 2019 dismissed the case (effectively ending the arbitration process) as a sanction for Mir's "repeated violations of court orders." Mir attempted to appeal but, having been deemed a vexatious litigant in the California courts, he needed permission, which was denied.

Before the California case was dismissed, Mir sued State Farm, the agent who denied his claim, and the CEO (for "framing" the applicable policies) in the Central District of Illinois. Mir alleged that the defendants breached the insurance policy and the covenant of good faith and fair dealing by refusing to pay him uninsured-motorist benefits. He also asserted that State Farm committed extrinsic fraud in collusion with the California Superior Court because he was not personally served before the court compelled his deposition. He argued that, for the same reason, the California Superior Court never had personal jurisdiction over him. Finally, he alleged that the defendants, based on his "East-Indian/Pakistani race," conspired to deny him the benefits of his insurance policy in violation of 42 U.S.C. §§ 1981, 1985, and 1986.

The district court granted the defendants' motion to dismiss. It determined that Mir's contract and fraud claims were barred by claim and issue preclusion and dismissed those with prejudice. The court dismissed without prejudice Mir's discrimination and conspiracy claims as conclusory and gave Mir 28 days to amend his complaint. But Mir stood by his original complaint and moved for reconsideration. The court denied the motion, concluding that Mir did not establish any errors of law or fact and, instead, reiterated his previous arguments and generally disagreed with the dismissal of his complaint. The court then entered final judgment.

On appeal, Mir first argues that the district court erred in dismissing his contract and extrinsic-fraud claims. They were not barred by res judicata, he contends, because the legal issue in the California Superior Court involved only State Farm's motion to compel Mir's deposition, whereas the Central District of Illinois lawsuit concerns his entitlement to his insurance benefits. Further, he says, the California Superior Court never acquired personal jurisdiction over him due to the alleged lack of service, so its dismissal was not a final judgment on the merits that can preclude another suit.

We see no need to grapple with whether the dismissal of the discovery case in California has preclusive effect over Mir's lawsuit. Even if the contract-related claims were not barred, they did not belong in the Central District of Illinois, or indeed, in any federal or state court. Mir sought damages (his claimed benefits plus punitive damages) based on State Farm's refusal to pay him uninsured-motorist benefits to which he believed he was entitled and for its decision to file a discovery petition which dragged him through the "harassment of prolonged court proceedings." But under Mir's policy, which incorporates by default the California Insurance Code, Mir was required to resolve any claim about coverage through arbitration. CAL. INS. CODE § 11580.2(f). And after he demanded arbitration but refused to be deposed, State Farm used the required procedure for compelling his compliance. *Id.* § 11580.2(f)(1). The California Superior Court had exclusive subject matter jurisdiction over the parties' discovery dispute. *Id.*; *Miranda v. 21st Century Ins. Co.*, 12 Cal.Rptr.3d 159, 168 (Cal. Ct. App. 2004). But no court, including the Central District of Illinois, had authority to decide any claim relating to State Farm's obligation to cover Mir's lost income and other losses.

Further, to the extent that Mir's fraud claim can be separated from his claims for insurance benefits, his allegations fell short of the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). Mir alleged that State Farm was "in cahoots" with the California Superior Court and that they "prevented [him] by trick, artifice or other

fraudulent conduct from fairly presenting his claim" because he was not personally served with State Farm's motion to compel before the court ruled. This simply states the elements of an extrinsic fraud claim under California law, which arises when "a party is denied a fair adversary hearing because he has been 'deliberately kept in ignorance of the action or proceeding, or in some other way fraudulently prevented from presenting his claim or defense'" so that there "has never been a real contest in the trial or hearing of the case." *Kulchar v. Kulchar*, 462 P.2d 17, 19 (Cal. 1969) (citation omitted). Even under regular pleading standards, parroting the elements of a claim does not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). No allegations relate to the circumstances of the alleged coordination, and Mir's complaint defeats any assertion that he was somehow unaware of the proceedings (which he vigorously contested). *See* FED. R. CIV. P. 9(b); *Webb v. Frawley*, 906 F.3d 569, 582 (7th Cir. 2018) ("Missing from the complaint is a sufficiently detailed and cohesive theory of the fraud."). Dismissal was proper.

Mir next argues that it was error to dismiss his § 1981, § 1985, and § 1986 claims for failure to state a claim, maintaining that his allegations put the defendants on notice that he sued them for race discrimination. Though it is true that his statutory citations alerted State Farm that he wished to pursue claims of discrimination and conspiracy to violate his civil rights, more is required. Mir needed to narrate the basis of his claim, but his allegations were too general to serve the function of providing "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), so the court could "draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S at 678.

Here, Mir alleged that State Farm "kn[ew] about [his] East-Indian/Pakistani race" and, "motivated by discrimination against him," denied him uninsured-motorist benefits. But Mir offered no other information to "nudge[] [his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Moreover, when bringing a § 1981 race-discrimination claim, a plaintiff must initially plead and ultimately prove that, *but for race*, he would not have suffered the loss of a legally protected right. *Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 140 S. Ct. 1009, 1019 (2020) (emphasis added). Nothing in Mir's complaint—which he declined to amend—could permit the inference of but-for causation here.† And because his claims of conspiracy

---

† The district court dismissed Mir's § 1981 claim without prejudice on March 16, 2020, and gave him 28 days to amend his complaint. *Comcast Corp.* was issued on March 23, 2020. Mir stood by his original complaint, choosing instead to file a motion to reconsider (and then a notice of appeal).

Case:Case420-180DocunDemuntentt373B3000  Filed:0024032029/202PlagesPages: 5

No. 20-1800                                                                                       Page  5

and failure to intervene under § 1985 and § 1986 derive from the underlying
discrimination claim, they too were properly dismissed. *See Ennin v. CNH Indus. Am.,*
*LLC*, 878 F.3d 590, 597 (7th Cir. 2017).

Last, Mir argues that the district court erred in finding it lacked personal
jurisdiction over the agent who denied his request for benefits. Because we concluded
that the district court properly dismissed all of Mir's claims, we need not address its
conclusions about any particular defendant.

We have considered Mir's remaining arguments, and none has merit.

AFFIRMED